UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SEAN EARLY,

                                                Plaintiff,

                              v.                                                         9:08-CV-669
                                                                                    (FJS/RFT)

ANTHONY J. ANNUCCI, Executive Commissioner
and Counsel, New York State Department of Correctional
Services; BRIAN FISCHER, Commissioner of the New
York State Department of Correctional Services, in
his official capacity and his unofficial capacity; RICHARD
DESIMONE, in his individual capacity and his
official capacity as Associate Counsel in Charge
of the Office of Sentencing Review of the New York
State Department of Correctional Services; LUCIEN
J. LECLAIRE, JR., in his individual capacity; GLENN
S. GOORD, in his individual capacity; HENRY
LEMONS, JR., in his individual capacity and his official
capacity as Chairman and Chief Executive Officer of the
New York State Division of Parole; GEORGE B.
ALEXANDER, in his individual capacity; ROBERT
DENNISON, in his individual capacity; BRION D.
TRAVIS, in his individual capacity; and JOHN
AND JANE DOES 1-50, various training, supervisory
and policymaking employees of the New York State
Department of Correctional Services or the New
York Division of Parole, in their individual capacities,

                                              Defendants.
_____

| APPEARANCES | OF COUNSEL |
|---|---|
| CHAMBERLAIN D'AMANDA<br>OPPENHEIMER & GREENFIELD LLP<br>1600 Crossroads Building<br>2 State Street<br>Rochester, New York 14614<br>Attorneys for Plaintiff | K. WADE EATON, ESQ. |

| | |
|---|---|
| **MULDOON & GETZ** | **JON P. GETZ, ESQ.** |
| 144 Exchange Boulevard, Suite 402 | |
| Rochester, New York | |
| Attorneys for Plaintiff | |
| | |
| **OFFICE OF THE NEW YORK** | **RICHARD LOMBARDO, AAG** |
| **STATE ATTORNEY GENERAL** | |
| The Capitol | |
| Albany, New York | |
| Attorneys for Defendants | |

**SCULLIN, Senior Judge**

## ORDER

Currently before the Court are Magistrate Judge Treece's December 28, 2011 Report-Recommendation and Order and Plaintiff's objections thereto. *See* Dkt. Nos. 83-84. In his Report-Recommendation and Order, Magistrate Judge Treece recommended that this Court grant Defendants' motion for summary judgment on the ground that Defendants were entitled to qualified immunity on all of Plaintiff's claims. *See* Dkt. No. 83 at 15.

Plaintiff objects to Magistrate Judge's Treece recommendation on the grounds that Magistrate Judge Treece erred (1) when he found that New York Law did not require the sentencing judge to pronounce post-release supervision; (2) when he did not address the qualified immunity defense of Defendant Annucci individually; (3) when he held that the Second Circuit's decision in *Scott v. Fischer*, 616 F.3d 100 (2d Cir. 2010), controls this case; (4) when he held that Plaintiff's right to be free from administratively imposed post-release supervision was not clearly established at the time that Defendant Annucci acted; and (5) when he held that, despite Defendants' awareness of the invalidity of Plaintiff's conviction, they had no duty or authority to protect Plaintiff's constitutional rights. *See generally* Dkt. No. 84.

When a party files objections to a magistrate judge's report-recommendation, "the Court makes a 'de novo' determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *LeBron v. Armitage*, No. 9:08-CV-0508, 2011 WL 4566439, *1 (N.D.N.Y. Sept. 29, 2011) (quoting 28 U.S.C. § 636(b)(1)). However, a "'party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument.'" *Walker v. Fischer*, No. 9:08-CV-1078, 2011 WL 4369096, *1 (N.D.N.Y. Sept. 19, 2011) (quoting *Machicote v. Ercole*, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011)) (other citation omitted). Similarly, a party may not advance new theories that he could have, but did not, present to the magistrate judge in an attempt to obtain a second bite of the apple. *See id.* (citations and footnote omitted). Finally, the court reviews for clear error "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge[.]" *Id.* (citations omitted). After conducting the appropriate review, the Court may "'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" 28 U.S.C. § 636(b)(1).

Plaintiff raised most, if not all, the same arguments he raises in his objections in opposition to Defendants' motion for summary judgment. To the extent that the Court can read any of Plaintiff's objections as raising new theories, he could have, but did not present those theories to Magistrate Judge Treece, and he cannot now attempt to raise them in an effort to get a "second bite of the apple." Thus, the Court need only review Plaintiff's objections to Magistrate Judge Treece's findings and recommendations for clear error. Having completed such review,

the Court finds that Plaintiff's objections are without merit.[1]  Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Treece's December 28, 2011 Report-Recommendation and Order is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case.

**IT IS SO ORDERED.**

Dated: January 30, 2012
        Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge

---

[1] The Court notes that, even under a *de novo* review, the Court would reach the same result.