**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**SEAN EARLEY,**

                      **Plaintiff,**

            v.                                            9:08-CV-669
                                                                    (FJS/DJS)

**ANTHONY J. ANNUCCI, Executive Commissioner
and Counsel, New York State Department of
Correctional Services,**

                      **Defendant.**

---

**APPEARANCES**                                       **OF COUNSEL**

**MULDOON GETZ & RESTON**            **JON P. GETZ, ESQ.**
144 Exchange Boulevard
Suite 402
Rochester, New York 14614
Attorneys for Plaintiff

**THE EATON LAW FIRM**                **K. WADE EATON, ESQ.**
27 Locust Street
Pittsford, New York 14534
Attorneys for Plaintiff

**OFFICE OF THE NEW YORK**          **KEITH J. STARLIN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendant

**SCULLIN, Senior Judge**

## ORDER

    Currently before the Court are Magistrate Judge Stewart's February 28, 2017 Report-Recommendation and Order, *see* Dkt. No. 130, and Defendant's objections thereto, *see* Dkt. No. 134.

This civil rights case arises out of the New York State Department of Correctional Services ("DOCS")'s administrative imposition of five years of post-release supervision onto Plaintiff's sentence. *See* Dkt. No. 60. Specifically at issue are Defendant's actions in response to the Second Circuit's decision in *Earley v. Murray*, 451 F.3d 71 ("*Earley I*"), *reh'g denied*, 462 F.3d 147 ("*Earley II*") (2d Cir. 2006), *cert. denied sub nom. Burhlre v. Earley*, 551 U.S. 1159 (2007), which concluded that DOCS's administrative imposition of a term of post-release supervision violated Plaintiff's due process rights under the United States Constitution.

Plaintiff moved for partial summary judgment on the issue of liability, *see* Dkt. No. 124, and Defendant moved for summary judgment based, among other things, on the defense of qualified immunity, *see* Dkt. No. 125. In a Report-Recommendation and Order dated February 28, 2017, Magistrate Judge Stewart recommended that this Court grant in part and deny in part both parties' motions. *See generally* Dkt. No. 130.

When a party makes specific objections to portions of a magistrate judge's report and recommendation, the court conducts a *de novo* review of those recommendations. *See Trombley v. Oneill*, No. 8:11-CV-0569, 2011 WL 5881781, *2 (N.D.N.Y. Nov. 23, 2011) (citing Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C)). After conducting this review, a district court may decide to accept, reject, or modify those recommendations. *See Linares v. Mahunk*, No. 9:05-CV-625, 2009 WL 3165660, *10 (N.D.N.Y. Sept. 29, 2009) (quoting 28 U.S.C. § 636(b)(1)(C)).

The Court has conducted a *de novo* review of Magistrate Judge Stewart's Report-Recommendation and Order in light of Defendant'ss specific objections to those recommendations. Having completed that review, the Court hereby

**ORDERS** that Magistrate Judge Stewart's February 28, 2017 Report-Recommendation and

Order, *see* Dkt. No. 130, is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that, with regard to Plaintiff's first cause of action, Plaintiff's motion for partial summary judgment, *see* Dkt. No. 124, is **DENIED**; and Defendant's motion for summary judgment, *see* Dkt. No. 125, is **GRANTED**; and this claim is **DISMISSED**; and the Court further

**ORDERS** that, with regard to Plaintiff's second and third causes of action, alleging due process violations stemming from the continued imposition and enforcement of post-release supervision after *Earley II*, Plaintiff's motion for partial summary judgment, *see* Dkt. No. 124, is **GRANTED in part** as to liability for the time period of **August 31, 2006**, the date of the *Earley II* decision, through **June 27, 2007**, when Plaintiff was released from DOCS's custody; and Defendant's motion for summary judgment, *see* Dkt. No. 125, is **GRANTED in part** to the extent that Defendant is entitled to qualified immunity prior to that time period and to the extent that Plaintiff has asserted any claims against Defendant in his official capacity, which are **DISMISSED** in accordance with the Eleventh Amendment; and the Court further

**ORDERS** that, with regard to Plaintiff's fourth cause of action, regarding the Division of Parole acting in concert with DOCS, Defendant's motion for summary judgment, *see* Dkt. No. 125, is **GRANTED**; and this claim is **DISMISSED**; and the Court further

**ORDERS** that this case is trial ready on the issue of damages with regard to Plaintiff's second and third causes of action;[1] and the Court will issue a trial order in due course.

**IT IS SO ORDERED.**

Dated: September 29, 2017
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge

---

[1] The Court encourages the parties to consent to proceed before Magistrate Judge Stewart for the trial of this matter on the issue of damages due to the congestion of this Court's calendar. In the event the parties consent to proceed before Magistrate Judge Stewart, they can find the consent form on the Court's website, www.nynd.uscourts.gov under Forms/Civil/All Forms/AO-85 - Notice Consent and Reference of Civil Action to Magistrate. Both parties must sign this document before submitting it to the District Judge for approval. **The Clerk of the Court is directed to attach a blank consent form to this Order.**